

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. K. Gerron
County Attorney
Ector County
Odessa, Texas

Overruled by court judgment
Sam F. Patten v. Concho Co.
District Court, Concho Co.
No. 6581

Dear Sir:

Opinion No. O-3426
Re: Can the Commissioners'
Court legally contract
with one of the bidders
at the April term of
court, it being determined
at the April term that he
was and is the lowest and
best bidder, or must the
Commissioners' Court again
advertise for bids in order
to comply with Art.1659?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"I desire your opinion upon the following question:

"Article 1659 of Vernon's Annotated Texas Statutes provides that 'the Commissioners' Court, through the County Auditor, shall advertise for a period of two (2) weeks for the purpose of receiving competitive bids on supplies of every kind, road and bridge material, or any other material for the use of said County.

"STATEMENT OF FACTS:

"The Commissioners' Court of Ector County, advertised for bids for road machinery in compliance with Article 1659. In accordance with such advertisement bids were called for and submitted by firms, at the regular March term of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. K. O. Gerron, Page 2

the Commissioners' Court. The Chairman of the Commissioners' Court placed the matter of accepting one of the bids to a vote of the court. Two of the Commissioners voted to accept the bid and a like number voted to reject the bid. The Chairman of the Commissioners' Court refused to vote and break the dead-lock, or tie vote, and the matter of accepting and rejecting the remaining four (4) bids was never placed before the court. The commissioners' court neither accepted nor rejected any of the other bids, by a vote of the court, but merely failed to act upon them. The Court adjourned it's regular meeting of the March term without any final action upon any of the bids submitted.

"QUESTION:

"Can the Commissioners' Court legally contract with one of these bidders at the April Term of said Court, it being determined at the April term of court that he was and is the lowest and best bidder, OR must the Commissioners' Court again advertise for bids in order to comply with Article 1659?"

Article 1659, Vernon's Annotated Civil Statutes reads as follows:

"Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners court, has submitted the lowest and best bid. The county auditor shall advertise for a period of two weeks in at least one daily newspaper, published and circulated in the county, for such supplies and material according to specifications, giving in detail what is needed. Such advertisements shall state where the specifications are to be found, and shall give the time and place for receiving such bids. All such competitive bids shall be

Hon. X. O. Gerron, Page 3

kept on file by the county auditor as a part of
the records of his office, and shall be subject
to inspection by any one desiring to see them.
Copies of all bids received shall be furnished
by the county auditor to the county judge and to
the commissioners court; and when the bids re-
ceived are not satisfactory to the said judge or
county commissioners, the auditor shall reject
said bids and re-advertise for new bids. In
cases of emergency, purchases not in excess of
one hundred and fifty dollars may be made upon
requisition to be approved by the commissioners
court, without advertising for competitive bids."

From the facts stated in your letter, it is appar-
ent that the Commissioners' Court of Ector County, advertised
for bids for road machinery in compliance with Article 1659.
In accordance with such advertisement bids were called for
and submitted by firms, at the regular March term of the
Commissioners' Court. It further appears that there were
five bids submitted and the Commissioners' Court neither
accepted nor rejected any of the bids, by vote of the court,
and failed to act upon such bids except the one bid where
two of the commissioners voted to accept the bid and a like
number voted to reject the bid. It is further shown in your
letter that "the court adjourned its regular meeting of the
March term without any final action upon the bids submitted".
However, in the last paragraph of your letter it is stated
"it being determined at the April term of court that he was
and is the lowest and best bidder". Considering all the
facts together as presented in your letter, it is clear that
the Commissioners' Court did not accept any of the bids sub-
mitted. Therefore, it is apparent that none of the bids
submitted were satisfactory to the court. It will be noticed
that Article 1659, supra, specially provides "when the bids
received are not satisfactory to such judge or county com-
missioners, the county auditor shall reject such bids and
re-advertise for new bids". After a careful search of the
authorities we have been unable to find any case that de-
cides the question presented in your letter. However, as
the Commissioners' Court failed to approve and accept any
of the bids submitted at the time and place for receiving
such bids as advertised; it is our opinion that the

a. E. O. Gerron, Page 4

missioners' Court cannot now legally contract with any
the bidders submitting such bids at the March term of
art, but it is the duty of the county auditor to reject
oh bids and re-advertise for new bids.

Trusting that the foregoing fully answers your
quiry, we are

Yours very truly

APPROVED APR 25, 1941

ATTORNEY GENERAL OF TEXAS

By

FIRST ASSISTANT
ATTORNEY GENERAL

Ardell Williams
Assistant

:lh

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN